**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**LARRY D. CHRISTMAS, JR.** **PLAINTIFF**

**v.** **CAUSE NO. 1:26CV67-LG-RPM**

**DAVID STEINER,**
**Postmaster General, United**
**States Postal Service,**
**Agency** **DEFENDANT**

**ORDER TAKING MOTION FOR SUMMARY JUDGMENT UNDER ADVISEMENT, GRANTING PLAINTIFF ADDITIONAL TIME TO RESPOND TO REQUESTS FOR ADMISSIONS, AND DENYING PLAINTIFF'S MOTION TO STRIKE ANSWER**

In this employment discrimination case, the United States Postal Service ("USPS") filed a [32] Motion for Summary Judgment based on the failure of Plaintiff Larry D. Christmas, Jr., to file timely responses to USPS's requests for admissions. After the parties fully briefed that Motion, Plaintiff filed a [42] Motion to Strike Defendant's Answer. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that: (1) the Motion for Summary Judgment should be taken under advisement; (2) Plaintiff should be granted additional time to respond to USPS's discovery requests; and (3) Plaintiff's Motion to Strike Answer should be denied.

## DISCUSSION

## I. USPS'S MOTION FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(a) provides that summary judgment is warranted when evidence reveals no genuine dispute regarding any material fact

and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"[A]dmissions on file" can be an appropriate basis for granting summary judgment. Fed. R. Civ. P. 56(c).

> Since Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted, they cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record. Instead, the proper course for a litigant that wishes to avoid the consequences of failing to timely respond to Rule 36 requests for admission is to move the court to amend or withdraw the default admissions in accordance with the standard outlined in Rule 36(b).

*In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001).

Plaintiff does not dispute that he never responded to USPS's discovery requests, but he claims that USPS did not properly serve the discovery requests. In addition, the parties have submitted emails indicating that Plaintiff had difficulty opening email attachments containing the discovery requests. Due to these technical difficulties and Plaintiff's pro se status, the Court finds that Plaintiff should be granted additional time to respond to the discovery responses. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed[.]"). As a result, the Court will take USPS's Motion for Summary Judgment under advisement and grant Plaintiff additional time to respond to the discovery requests. Plaintiff is cautioned that failure to timely

respond to the discovery requests as required by this Order may result in dismissal of this lawsuit with prejudice.

## II. PLAINTIFF'S MOTION TO STRIKE ANSWER

"The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney." Fed. R. Civ. P. 12(a)(2). A defendant can serve its answer by, inter alia,

> mailing it to the person's last known address--in which event service is complete upon mailing; . . . sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means *that the person consented to in writing*--in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; or . . . delivering it by any other means *that the person consented to in writing*--in which event service is complete when the person making service delivers it to the agency designated to make delivery.

Fed. R. Civ. P. 5(b)(2) (emphasis added).

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A party must file a motion to strike a pleading "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). "The action of striking a pleading should be sparingly used by the courts [and] should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cty.*, 306 F.2d 862, 868 (5th Cir. 1962) (citation modified). Further, a motion to strike "generally should not be granted absent a showing of

prejudice to the moving party." *Conn v. United States*, No. 3:10cv300-CWR, 2011 WL 2117969, at *5 (S.D. Miss. May 27, 2011).

Plaintiff filed his Complaint in the Southern District of Alabama on July 28, 2026, and he served it on the United States Attorney and the United States Attorney General on August 25, 2025. Before its Answer was due, USPS obtained a stay of this case due to a lapse in appropriations. USPS filed a Motion to Change Venue on November 25, 2025, and the Court lifted the stay. The Motion to Change Venue was granted, and the case was transferred to this Court on March 4, 2026. This Court entered a Text Only Order granting USPS an extension of time until May 1, 2026, to file its Answer. USPS filed its [23] Answer on April 29, 2026. USPS certified that it mailed the Answer to Plaintiff on that same date, but Plaintiff asserts that USPS never mailed him a copy of the Answer.

In his [42] Motion to Strike Answer, Plaintiff quotes a May 5, 2026, email he received from counsel for USPS. This email noted that a courtesy copy of the Answer was attached. Plaintiff asserts that this copy of the Answer was untimely and improperly served on him. He explains that service via mail was required because he never agreed to accept service via email. *See* Fed. R. Civ. P. 5(b)(2). He filed his Motion to Strike the Answer on November 10, 2026.

The Court finds that Plaintiff's Motion to Strike should be denied because it was not filed within twenty-one days of the date on which he claims he received it, May 5, 2026. In addition, there is no indication that he has been prejudiced by his receipt of the Answer by email four days after the deadline imposed by the Court.

## CONCLUSION

The Court finds that USPS's Motion for Summary Judgment should be taken under advisement, and Plaintiff should be granted additional time to respond to USPS's discovery responses. The Court further finds that Plaintiff's Motion to Strike Answer should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [32] Motion for Summary Judgment is **TAKEN UNDER ADVISEMENT**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's deadline for responding to discovery requests is **DECEMBER 14, 2026**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's [42] Motion to Strike Defendant's Answer is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 13th day of November, 2026.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE